IN THE UNITED STATES OF AMERICA DIST COURT
DIST. COURT FOR THE EASTERN OF TEXAS  = United States Dist Court
TYLER COUNTY                                Eastern dist of Texas
                                            104 N. Third
GARLAND WAYNE BALLENTINE                    Lufkin, TX. 75901

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
JUN 27 2018
BY___ DEPUTY

V.

1.) BRIAN COLLIER  DIRECTOR Criminal DEPT. OF JUSTICE.
2.) STEPHEN BRYANT  ASSISTANT WARDEN Gib lewis H/security.
3.) KENNETH KENT DICKERSON  PRACTICE MANAGER Gib lewis H/security. Med dept.
4.) JANICE HANSON  PHYSICIANS ASSISTANT Gib lewis H/security
5.) MONICA PICKTHALL = LIVER SPECIALIST University Texas Medical BRANCH GALVESTON
6.) MIGUEL MARTINEZ = WARDEN McCONNELL UNIT. Regional director Now Huntsville TX.
7.) COREY FURR = ASSISTANT WARDEN McCONNELL UNIT
8.) TANYA LAWSON = PRACTICE MANAGER McConnell Unit Medical dept.

SUITE COMES FORTH IN Individually AND THEIR OFFICIAL CAPACITIES. ALL ARE DEFENDANTS. ACTING UNDER COLOR OF STATE LAW....

## I. JURISDICTION & VENUE

1.) This is A Civil Action Authorized by 42 U.S.C. Section 1983 To Redress THE DEPRIVATION. Under Color of STATE LAW, OF RIGHTS Secured BY THE CONSTITUTION. OF THE UNITED STATES. THE COURT HAS JURISDICTION Under 28 U.S.C. Section 1331 And 1343 (A)(3) PLANTIFF SEEKS ⟶
DECLATORY RELIEF PURSUANT to 28 U.S.C. SECTION 2201 AND 2202. PLANTIFF CLAIMS FOR INJUNCTIVE RELIEF ARE AUTHORIZED BY 28 U.S.C. Section 2283 & 2284 And Rule 65 OF Federal Rules of Civil Procedures... ALONG WITH MONEY DAMAGES..

2) THE [illegible] [illegible] APPROPRIATE VENUE UNDER 28 U.S.C. Section 1391(B)(2) Because It Is where events Giving Rise To Claim Occurred.

## II. PLAINTIFFS

3) Coarland Wayne Ballentine III Is And Was At All Times Mentioned Herein A Prisoner Of The State Of Texas. In Custody Of The Texas Dept. Of Corrections. He Is Currently Confined In Alfred Hughes Unit Admin Segregation ~~at Beeville Texas 78102~~ ~~3201 [illegible] dr.~~ 3201 FM 929 Gatesville Tx. 76597

## III. DEFENDANTS

4.) Defendant: <u>Brian Collier</u> = Is The Director Of The Dept Of Justice State Of Texas. He Is legally Responsible For The Overall Operation Of The dept. And each Institution Under Its Jurisdiction, Including Smith, Coib Lewis, McConnell Units where Prisoner Is or has Been Confined In State Of Texas.

5.) Defendants = Wardens. <u>Stephen Bryant</u> - Coib lewis His Assistant Warden <u>Mitchell Martinez</u> = Warden McConnell Unit Ad. Segg <u>Corey Furr</u> = Assistant Warden McConnell Unit Ad Segg. All Being Superintendants Of Their Respected Units, Are legally Responsible For The Operation Of Their Prison, And Welfare Of All The Inmates Of That Prison. All Holding H-ghest Rank In Individual/Official (Capacity).

6.) <u>Kenneth Kent Dickerson</u> = Practice Manager medical Coib lewis Unit... <u>Tanya Lawson</u> = Practice Manager McConnell Unit Medical Dept. Both Individuals Over See Medical Dept. Of Said Prisons. Responsible For Health Care And Obligated by State Of Texas To Over See And Provide Health Care For Those whom State Is Punishing By Incarceration. A Prisoner Who Can Not By Reason Of Deprivation Of his liberty Care For Him Self...

7.) Monica Pickthawl Is Individual Assigned To Chronic Care Patients With Hepatitis C. Employed By State Of Texas As Well As The University Of Texas Medical Branch. (To Diagnose - Treat Prisoners) Responsible For examinations. Has An Affirmative Duty To Provide Reasonable Access To medical, Provide Competent medical Decisions...

8.) Janice Hanson - Is a Physicians Assistant at Goib lewis High Sec. Has referred myself multiable times for treatment. Failed to monitor and follow through with refferral of treatment.

9.)
## FACTS

Judge, I tested positive for HepC in "2005" at Ferguson Unit Midway Texas. While incarcerated with in TDCJ. Those who have HepC are labeled Chronic Care. CHRONIC = Defined as marked by long duration or frequent recurrance. (A disease) Being such habitually in layman terms, I would allege this to be a serious medical need.

So in 2011 while at Preston Smith Unit Lamessa Tx. TDCJ came thru and signed up several of its inmates whom had HepC, to take an experimental drug which was being offered to us whom Qualified for treatment. I was notified I qualified, and needed treatment. I signed a consent form, to insure TDCJ would NOT be resp. for ill side effects of experimental drug. I then was put threw medical procedures to insure my heart, lungs would be strong enough to w/stand drugs. I did EKG, Chest X-rays, Sonogram on liver, gave 13 vials of blood for a screening. Nearly passed out due to blood lose. "All done on Smith Unit"

Smith Unit and Seco. Shuts down. Im shipped to Goib lewis High Sec Woodville Tx. All though changing of units. Im still under chronic care with liver specialist Monica Pickthawl @ UTMB. Galveston Tex. whom I see on "DMS" Dicortial monitoring screen. Television. Monica Pickthawl has seen me since 2009 till present. During the process of going thru medical procedures - policys. TDCJ and drug company offering drug as experimental stage, determine or discover drug not only controlled levels of Hep C. It out right cured it. Riddus the body of diesease completely!! So then drug is pulled from experimental stages. (And a price tag placed on treatment) So my point is that long as treatment was of N cost to state. I needed treatment. Now that its a cost and burden to state the drs, liver specialist come back telling us we no longer need treatment.

UPON INTERVIEW [illegible] (4) With an Infectious Nurse Dr. Colo Lewis. She told me exactly what I've stated. Acourse she went off the Record. Due to me Submitting Several Sick Call Request Regarding Treatment. She Came To my Door, That As long As TDCJ could Treat us under experimental drugs.. "They Would" If it Cost The State Money We Would Not Recieve Treatment(Unless 1/2 dead)

I'd Also like Courts To Note: I've been under MONICA PICKTHAW Care from 2004-2018. Not ONCE has she ever Physically examined me. This Woman has An excessive Case load, Preventing her from Conducting Proper medical Care.. Plaintiff Would Allege TDCJ Also employs tactics to deter Folks from Going on medical Chain. Such As June 5th 2017. Thru June 9th 2017. I went on medical Chain For No Reason At All. Was Placed In A Cell With Cons All Over It. No Running Water In Cell. Chemical Agents burned me All Night At Darrington Unit.( Courts Could View Grievance) Plaintiff Re-Alleges And Incorprates by Reference. I Would State The obvious And Prove To Courts. That ALL Defendants Are Negligent By displaying A Deliberate Indifference. By Delaying, Denying or Interferring With Treatment for A Serious Medical Need. I've Submitted Years of Sick Call Request for Stomache Pain, discomfort, I've had Water Retention, Pain in Joints/Bones, Swelling of Stomache. Which Constitutes Cruel And Unusual Punishment

Clearly Courts Can See I Was Put Threw Medical Procedures leading up to Said Treatment. (Under False Pretenses) Since I've Never Recieved Treatment. I'll Allege Defendants Violate Cruel Unus. Punishment clause of 8th Amend. By Failing To Provide Adequate Medical Treatment. Courts Would need to Assess Quality of Care, medical Attention that has Been furnished to Plaintiff, While living In TDCJ with HepC Total of 10 Years OR MORE. As Outright Denial of Treatment, Intentional Delay. Criminal law 76.78 Cruel Unus. Punishments Clause- Standards embodies broad And Idealistic Concepts of Dignity, Civilized Standards Humanity And Decency...

Against Cruel And Unusual Punishment Establishes Principles Cruel Unu. Punishment Est. Governments obligation To Provide Medical Care for Those whom it is Punnishing by Incarceration. At Common Law the Public is Required To Care for Prisoners, who can not by Reason of Deprivation of His liberty, Care for Him self. An Inmate Must Rely on Prison Authoritise To Treat his Medical Needs. If Authoritise fail to do so, Those needs will be Neglected. In worst Cases, Such failure may Actually Produce Physical Torture or Lingering death Re-Kemmler-Supra. The evils of Most Immediate Concern to The Drafters of The Ammendments. In Less Serious Cases, Denial of medical Care may Result In Pain And Suffering. Which No One Can suggest Would serve Any Penological Purpose. The Infliction of Such Un-Necc. Suffering Is Consistant with Contemprary Standards of Decency As Manifested in Modern Legislation Codifying the Common law.

Courts have Concluded that A <u>Deliberate Indifference</u> to A Serious Medical Needs of Prisoners Constitutes Un-Necc. And Wanton Infliction of Pain. This is True Whether the Indifference Is manifested by Prison doctors, In Their Refuse To Prisoners Needs, or By Prison Guareds In Intentionally-Denying or Delaying Access To Care, or Interfering with Treatment. If the Present Status Quo Prevails. There is No end To It. Regarding Policy And Procedures of TDCJ And UTMB.

In Regards To Treatment "So Cursory As To Amount To No Treatment At All." Rises To this level Ancata v. Prison Health Serv Inc 769 F 2d. 700, 704 11th Cir 1985. So to does Delay of Treatment For obviously Serious Conditions where it is Apparent That Delay Would Detrimentally exacerbate The Medical Problem. Delay Is medically Un-Justified. The longer Time frames, Greater Periods of Reflection upon A Course of Action. Again Plaintiff will Alege (state 8th Amend is violated By Prison Officials And Drs In Intentionally Denying or Delaying Access to Medical care, or Intentionally Interferring with Treatment once it was Prescribed.

If this is one substandard then there is a Possible part of 8th Amendment Violation. If a state elects to impose imprisonment as a punishment for crime, I believe it has an obligation to provide to persons in its custody with a health care system which meets minimal standards of adequacy. As a part of that basic obligation, the state and its agencys have an affirmitive duty to provide reasonable access to medical care. To provide competent, dilligent medical personnel and to ensure that prescribed care is in fact delivered once rendered...

For denial of medical care is surely not part of punishment which civilized nations may impose for crime. However when the state adds to this risk, as by providing a physican who does not give adequate care because of an excessive case load, or inadequate facilities, then prisoners may suffer from a breach of states constitutional duty. Plantiff alleges 100% of Texas prison population has hep C. Due to epidemic outbreak. In which TDCJ is responsible for. Due to improper handling and care of inmates who have hep C. esp around intering or exiting cells of those who have documented hep C... Placing inmates @ risk..

I would like to ask courts to order TDCJ/UTMB to turn over or provide me with entire medical records and records of sick call request. In regards to stomach pain or treatment. As well as step1- step2 - corievances. In order to show courts pattern in complaints of serious health issues & need of treatment.. Prison officials can not ignore a problem once it is brought to there attention. Prison officials may try to argue that the prison does not have enough money to fix problem, but courts generally don't accept this defense. This being said officials had knowledge of condition and have not responded to it in an resonable manner.

Courts usually agree that the medical need must be one that if left unattended, poses[es] a substantial risk of serious harm: Taylor v. Adams 221, F.3d 1254, 1258 11th Cir. 2000. In proving claims of (Deliberate - Indifference) plantiff has showed 1.) Prison officials knew about a serious medical need such has plantiff having Hep C. 2.) Prison officials failed to respond reasonably to it. Also a show of daily suffering. A condition

Significants necessary to the basis in which plaintiff is suffering of chronic and serious pain in stomach area. Thus proving Medical-Negligence in its purest form. The pain in which I continue to endure Daily!! Severe stomach pain, swelling of feet, pain-severe discomfort in Bowel/Joints. Fluid retention stomach area. "Fatigued"... Plaintiff alleges that he has complained of severe stomach pain for years. Due to ch's knowledge of HepC Plaintiff's stomach issues have been overlooked.

Plaintiff seeks M.R.I. or Upper G.I. on stomach from outside agencys. To prove to courts something is seriously wrong with stomach, liver. I've lived with daily pain-/discomfort for years. I've filed grievances, sick call requests on Smith, Coffield, Lewis, McConnell units. In Texas Dept. Corrections.

It's common knowledge that Hep C progress's to "Liver Cancer" due to scaring of liver tissue. The liver functions as a filtering system of the body. Ridds/excretes toxins from body. When liver doesn't function properly, the bad toxins will poison the mind/body. Two mind cases- The liver will inflame till point of rupturing. Thus causing one to bleed to death internally. I live in fear of this happening to me, as it clearly did to Inmate 2013-G-123 Cell High Security Coffield Lewis Unit. Inmate will go as far to allege those who die of complications of HepC are ignored or wrote off as- having perished due to other complications. TDCJ only monitors disease, has no preventive measures or policys in place to prevent the spreading of diesease nor do they even prescribe vitamins for liver such as Milk-Thistle. Attached is HepC paper passed out 2-1-18 by Nurse Beth Perez. Clearly states (symptoms) of HepC. Acknowledges liver cancer, cirrhosis, and even potential of death. If HepC left untreated. No one wants to live with C-Resp. Since there is a "cure". TDCJ taking risk w/my life..

Medical records will show in 2005 my liver enzyme was 35. They'll also show an "increase" in every blood test. With an exception of once or twice. Common knowledge anythings over a 50 is bad. Mine is 3x's that now. Once liver sustains scaring it's irrepairable harmed. Having lived all these documented years with HepC. Having no treatment what so ever having (been ignored) as a human being. With a serious medical need. One I

According to Reports Sgt. of Tenneth Dogrett to Doctor at Jaio Tx. Tested me for Hep C in 2001. Prior to Coming to Prison (In 2002) I was Negative did Not have Any Form of Hepititis... A FACT THAT CAN Be Proven. Now this is Why Plantiff Seeks All Damages Requested In Complaint. This Complaint has Been "ON-Going" For yrs...

### IV Exhaustion of Legal Remedies

Plantiff Coarland Wayne Ballentine III K078266 Used The Prison Grievance Procedure Available at Gib Lewis And McConnell Units to try to Solve The Problem And Notify Warden of Serious Medical Need. On Mar 22, 2017 Plantiff Coarland W. Ballentine III Presented The Facts Relating To This Complaint. On May 25, 2017. Plantiff Got Response Back- Unprocessed. being denied Access to Redress Grievance. (Same on Step 2) All Grievances & Sick Call Requests Was Attached to 1983 Complaint. When on Aug 10th 2017. Plantiff Rendered All Necc. Motions & 1983 To Law Library Officer Bradly SKROBARCEK. To Go W/ 6 months Transaction of Trust Fund Account. It Never Made it To Tyler County, Woodville Tx. "Sheryl Bounds" dist Clerk. Notified My Mother Courts Never Recieved 1983 Complaint. Obstructing My Access To Courts. Violating My 1st, 5th, 6th, 14th Amend. Rights... My Confidential Medical Records Stolen, Misplaced, Mishandled... All In Act To Prevent Plantiff Access To Courts.

10.) Plantiff Realleges And Incorporates by Reference All Above To Be Correct.
11.) The Deliberate Indifference To Medical Needs. Violated Plantiff Coarland Wayne Ballentine III Rights And Constituted Cruel And Unn. Punishment. As Well As A Clear Medical Negligence. Under 8th, 14th Amend. to The United States Const.
12.) The Plantiff Has No Plain, Adequate or Complete Remedy at Law to Redress The Wrongs, described Here In Plantiff Has Been And Will Continued To Be Irreparably Injured by Conduct of Defendants unless this Courts Grants Declaratory And Injunctive Relief. Which Plantiff Seeks...
13.) Wherefore, Plantiff Respectfully Prays that The Courts enter Judgement Granting Plantiff: A Delaration that The Acts And Omissions described here In Violated Plantiffs Rights Under Constitution And Laws of the United States.

14.) A Preliminary and permanent Injunction ordering defendants Medical Director To Provide The Treatment Prescribed back in 2011. HepC Treatment To Plaintiff. Brian Collier To Implement Policy To Insure Treatment To Inmates who Catch HepC While Incarcerated or Need It. As well As All Records be Turned over of Medical Records, Sick Call Request, Grievances, etc. Since All Was Stolen Aug 10th 2017 from plaintiff By Law Library. Beathy Sheedeeten Wardens Implement Policy To Issue Spill kits, Cleaning Supplies when Inmates w/documented HepC exit Cells. And Occupied by New Inmates. Prior To Inserting New Housing No Chemicals Are Passed out Nor Proper Cleaning of Cells Monitored. Insist Drs, PAs, Liver Specialist To Follow up and Prescribe treatment for serious medical Needs That have A Cure. No Reason should Life be Risked when There's A Medical Cure for HepC.

15.) Compensatory Damages In Amount of $ MAXIMUM — Against each Defendant.

16.) Punitive Damages In Amount of $ MAXIMUM — Against each Defendant.

17.) A Jury trial on All Issues triable by Jury.

18.) Plaintiffs Cost In Suite And Lawyers fee.

19.) Any Additional Relief This Court Deems Just, Proper, And Equitable.

Respectfully Submitted Garland W. Ballentine II Dated 2-14-18

McConnell Unit # 1867826 Moved to New Unit
3001 S. Emily Dr.
Beeville Tx 78102

Verification:

I have Read the Foregoing Complaint And hereby Verify that two matters Alleged Therein Are True, except As to Matters Alleged on Information And Belief, And As to These I believe Them to be True. I Certify under Penalty of Perjury that The foregoing Is True And Correct. Executed At Beeville Tx. on 2-14-18

Garland Ballentine II 1867826

Garland Ballentine 1867826
Alfred Hughes Unit
3201 FM 929
Gatesville Tx. 76597

Mr. Garland Ballentine #1507826
Alfred Hughes Unit
3301 Fm 929
Gatesville TX. 76597

U.S. Dist Clerk Fed.
104 North Third St.
Lufkin TX. 75901

